UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FARGO ELECTRONICS, INC., <br> a Minnesota corporation, <br><br> Plaintiff, <br><br> v. <br><br> IRIS LTD., INC., <br> a Pennsylvania corporation, <br><br> Defendant. | Civil No. 04-1017  JRT/FLN <br><br> **Jury Trial Demanded** |

# SECOND AMENDED COMPLAINT

Plaintiff Fargo Electronics, Inc., as and for its Second Amended Complaint against Defendant Iris Ltd., Inc., states and alleges as follows:

## THE PARTIES

1.  Plaintiff Fargo Electronics, Inc. ("Fargo") is a Minnesota corporation with its principal place of business in Eden Prairie, Minnesota.  Fargo is engaged in the design, manufacture, and sale of dye-sublimation identification ("ID") card printers and ribbons and other supplies for use with its ID card printers.  The patents that form the basis of this action relate to ink ribbons for use with dye-sublimation ID card printers.  For example, and without limitation, ID card printers in Fargo's Professional and Persona series require ink ribbons with identifier indicia that are covered by the patents at issue.

2.  Upon information and belief, Defendant Iris Ltd., Inc. ("Iris") is a Pennsylvania corporation with its principal place of business in Fleetwood, Pennsylvania. Iris was formerly an authorized distributor of Fargo products, including ribbons and

others supplies for use with Fargo ID card printers.  Fargo terminated Iris's distribution agreement in March 2004 in accordance with the terms of that agreement.

3. Upon information and belief, Iris has offered to sell its products nationwide, including within this judicial district.

4. Upon information and belief, Iris has also offered for sale replacement ribbons for use in Fargo ID card printers through an Internet site accessible to customers in Minnesota.

## JURISDICTION AND VENUE

5. This is an action for, among other things, patent infringement under Acts of Congress relating to patents, including 35 U.S.C. § 101 et seq.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).  This Court also has jurisdiction under 28 U.S.C. § 1332(a) in that this action is between citizens of different states and the amount in controversy exclusive of interest and costs exceeds $75,000.

6. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) and § 1400(b).

## FACTUAL BACKGROUND

7. Fargo restates and realleges all the allegations set forth above and incorporates them herein by reference.

8.      Fargo specializes in the development, manufacturing, and distribution of high quality photo ID card printers.  Among the photo ID card printers manufactured and sold by Fargo are the Persona and Professional series ID card printers.

9.      Ink ribbons with different characteristics are available for use with the Fargo ID card printers based upon the customer's needs.  Different ink ribbons may, for example, contain different combinations of colors in a single ribbon.  Ensuring that the correct type of ribbon is inserted into the ID card printer for a particular project is essential for the ID card printer's proper operation.

10.     Fargo photo ID card printers contain a Hall Effect Sensor that can detect metal indicia contained in a printer ribbon core.  Fargo printers will not function unless they detect such indicia.  Fargo ribbon cores contain several metal indicia that are arranged so that the ribbons can be identified by the Hall Effect Sensor in Fargo printers.  The output from the Hall Effect Sensor is used by Fargo printers to determine whether the proper ribbon has been inserted and to control the ribbon's orientation.  In this way, Fargo ensures that its printers operate in the proper and best manner.

11.     Fargo is the assignee of two patents concerning this ribbon core technology:  United States Letters Patent No. 5,755,519 ("'519 patent") entitled "Printer Ribbon Identification Sensor" and United States Letters Patent No. 6,152,625 ("'625 patent") entitled "Sensor Hub for a Print Ribbon Supply Roll and Method."  Copies of the '519 and '625 patents are attached to this Second Amended Complaint as exhibits A and B respectively.

12. Fargo is also the owner of the following registered trademarks: FARGO (U.S. Reg. No. 1,612,705); FARGO CERTIFIED SUPPLIES (Serial No. 78339102); and FARGO CERTIFIED SOFTWARE (Serial No. 78339092).

13. A large part of Fargo's business is the sale of "consumables" such as ribbons used in the Fargo ID card printers. Fargo's most popular ribbon, part no. 81733, is a multi-color, 250 print ribbon that contains a core with removable metal indicia for use with Fargo printers. Fargo ribbon no. 81733 is marked with the number of the '519 patent and the '625 patent.

14. Iris has offered to sell, imported, manufactured, used and/or sold in this judicial district, and elsewhere in the United States, ID card ribbons that infringe one or more of the claims of the '519 and/or '625 patent. One such ribbon was designated "Fargo Series Four Color Premium Print Ribbon with Overlay Panel" and/or "Fargo Equivelent [sic] 81733G Ribbon," and was designated by Iris as part no. 81733G.

15. The core of Iris's 81733G ribbon contains metal indicia that are designed to permit Fargo printers to identify the ribbon type.

16. Iris's 81733G ribbon closely resembles Fargo's 81733 ribbon.

17. Iris presents its 81733G ribbon in the marketplace as a 250-print multi-color ribbon that is designed to replace Fargo's 81733 ribbon.

18. Iris's 81733G ribbon does not perform as well as Fargo's 81733 ribbon and creates problems for customers that the customers would not experience using Fargo's ribbon. For example, Iris's 81733G ribbon gives the customer fewer than the promised

250 prints. This is in part because the ribbon lacks sufficient length for 250 prints and in part because it experiences functional problems that cause parts of the ribbon to be skipped over, unused. In addition, Iris's 81733G ribbon is more prone to breaking or tearing, fails to deliver the same color density and quality as Fargo's ribbon, causes problems with the printed cards such as scraps of ribbon left on the card and detectable wrinkles, and does not deliver all of the security features offered by Fargo's ribbon.

19.    Iris was formerly an authorized distributor of Fargo products, including Fargo ribbons intended for use in Fargo photo ID card printers. After Fargo learned of Iris's sale of infringing ribbons, Fargo terminated Iris's distribution contract in accordance with the terms of that contract, notifying Iris by letter dated March 1, 2004. Iris no longer purchases products from Fargo, and is no longer an authorized distributor of Fargo products.

20.    Iris offers products for sale through a web site with the address <http://www.fargosupplies.com>. Customers visiting the site were able to click to a page that displayed Fargo's 81733 ribbon and Iris's 81733G ribbon side by side with identical photographs. Clicking the appropriate links connected to another web page that permitted customers to place orders for Iris's 81733G ribbon. These web pages were accessible from the District of Minnesota. Fargo requested that Iris cease and desist from employing the URL <http://www.fargosupplies.com> and the mark "Fargo."

21.     Iris shipped its 81733G ribbons in boxes emblazoned with the word "FARGO," with no indication that the ribbon inside the box was manufactured by someone other than Fargo.

22.     Use of an unauthorized part such as Iris's 81733G ribbon voids the customer warranty on Fargo printers, but Iris does not tell customers that.

23.     Fargo filed a motion for a preliminary injunction on June 10, 2004, seeking to enjoin Iris from selling, offering for sale, making, using, or distributing its 81733G ribbon, and seeking other non-patent injunctive relief, including trademark protection.

24.     At the September 8, 2004, preliminary injunction hearing, the parties read into the record a consent agreement whereby Iris was enjoined from directly or indirectly, or in concert with any other party, selling, offering for sale, making, using, or distributing the printer ribbons that Iris formerly offered and sold as part no. 81733G.

25.     Sometime after the consent agreement was read into the record at the preliminary injunction hearing, Iris started accepting pre-orders on its web site <http://www.irisltd.com> for a printer ribbon designated as "RibbonChoices FPYMCKO-250 Ribbon," which differs from Iris's 81733G ribbon in only insignificant respects and likewise infringes the '519 and/or '625 patents.

26.     Iris is offering the "FPYMCKO-250" ribbon for sale on its web site.

27.     The Iris FPYMCKO-250 ribbon closely resembles Iris part no. 81733G and Fargo's 81733 ribbon, is offered for sale in this judicial district and elsewhere in the United States, and infringes one or more claims of the '519 and/or '625 patents.

28.     The core of Iris's FPYMCKO-250 ribbon contains metal indicia that are designed to permit Fargo printers to identify the ribbon type.

29.     Iris presents the FPYMCKO-250 ribbon as a 250-print multi-color ribbon that is designed to replace Fargo's 81733 ribbon. Iris has a picture of the FPYMCKO-250 Ribbon on its web site and encourages customers to "Compare to Fargo 81733 Ribbon."

30.     On March 8, 2005, this Court issued a Memorandum Opinion and Order that stated, in part, "[u]ntil further order of this Court, defendant is enjoined from, directly, indirectly, or in concert with any other party, selling, offering for sale, making, using, or distributing the printer ribbons that Iris formerly offered and sold as part number 81733G."

31.     Pursuant to the Court's March 8, 2005, Memorandum Opinion and Order, Fargo posted a $50,000 bond with the Clerk of Court.

## COUNT I — INFRINGEMENT OF PATENT NO. 5,755,519

32.     Fargo restates and realleges all the allegations set forth above and incorporates them herein by reference.

33.     Iris has willfully, directly, indirectly, contributorily, and/or by inducement infringed the claims of the '519 patent in this judicial district and elsewhere in the United States by offering to sell and selling Iris's 81733G ribbon and offering to sell Iris's FPYMCKO-250 Ribbon and will continue to do so unless enjoined by this Court.

34. Iris's infringement of Fargo's patent has injured Fargo and will continue to do so unless enjoined by this Court.

## COUNT II — INFRINGEMENT OF PATENT NO. 6,152,625

35. Fargo restates and realleges all the allegations set forth above and incorporates them herein by reference.

36. Iris has willfully, directly, indirectly, contributorily, and/or by inducement infringed the claims of the '625 patent in this judicial district and elsewhere in the United States by offering to sell and selling Iris's 81733G ribbon and offering to sell Iris's FPYMCKO-250 Ribbon and will continue to do so unless enjoined by this Court.

37. The infringement by Iris of Fargo's patent has injured Fargo and will continue to do so unless enjoined by this Court.

## COUNT III — LANHAM ACT SECTION 32

38. Fargo restates and realleges all the allegations set forth above and incorporates them herein by reference.

39. Iris's use of <http://www.fargosupplies.com> to sell its 81733G ribbon, the physical similarity of Iris's 81733G ribbon and Fargo's 81733 ribbon, and the similar part numbers for the two ribbons are likely to cause confusion or mistake or to deceive.

40. Iris's use of <http://www.fargosupplies.com> to sell its 81733G ribbon, the visual similarity of Iris's 81733G ribbon and Fargo's 81733 ribbon, and the similar part numbers for the two ribbons constitute violations of Section 32 of the Lanham Act, 15

U.S.C. § 1114, and have injured and will continue to injure Fargo unless enjoined by this Court.

### COUNT IV — LANHAM ACT SECTION 43(a)

41. Fargo restates and realleges all the allegations set forth above and incorporates them herein by reference.

42. Iris has made false and misleading descriptions of fact as to the nature, characteristics, and qualities of their products to third parties.

43. Such statements were used in commercial advertising and promotions and are likely to cause confusion or mistake or to deceive.

44. Iris's false and misleading statements constitute violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and have injured and will continue to injure Fargo unless enjoined by this Court.

### COUNT V — MINNESOTA DECEPTIVE TRADE PRACTICES ACT

45. Fargo restates and realleges all the allegations set forth above and incorporates them herein by reference.

46. Iris's false and misleading representations have created and continue to create a likelihood of confusion and misunderstanding regarding Fargo's ribbons and Iris's 81733G ribbon in violation of Minnesota Statute §§ 325D.43-48, "Unfair Deceptive Trade Practices Act."

47. Iris's acts and conduct, as alleged herein, violate the Minnesota Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43-48, and have caused and will continue to cause severe and irreparable harm to Fargo unless enjoined by this Court.

## COUNT VI — MINNESOTA UNLAWFUL TRADE PRACTICES ACT

48. Fargo restates and realleges all the allegations set forth above and incorporates them herein by reference.

49. Iris's actions constitute misrepresentations, directly or indirectly, as to the quality of Fargo's and Iris's merchandise.

50. Iris's acts and conduct, as alleged herein, violate the Minnesota Unlawful Trade Practices Act, Minn. Stat. §§ 325D.09-325D.16, and have caused and will continue to cause severe and irreparable harm to Fargo unless enjoined by this Court.

## COUNT VII — UNFAIR COMPETITION

51. Fargo restates and realleges all the allegations set forth above and incorporates them herein by reference.

52. The acts of Iris set forth in this complaint constitute common law unfair competition and have injured and will continue to injure Fargo unless enjoined by this court.

## RELIEF SOUGHT

WHEREFORE, Plaintiff Fargo Electronics, Inc. prays for judgment as follows:

1. Finding that Iris has willfully, directly, indirectly, contributorily, and/or by inducement infringed the '519 and/or '625 patent;

2. Enjoining Iris and its respective agents, servants, officers, directors, employees, joint venturers, and all persons acting in concert with it, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '519 and/or '625 patent;

3. Ordering Iris to account for and pay to Fargo the damages to which Fargo is entitled as a consequence of the infringement of the '519 and/or '625 patent;

4. Ordering that such damages be trebled for the willful, deliberate, and intentional infringement by Iris as alleged herein in accordance with 35 U.S.C. § 284;

5. Awarding Fargo its costs and attorneys' fees herein in accordance with 35 U.S.C. § 285;

6. Enjoining Iris from making false and misleading representations of fact concerning their above-referenced replacement ribbons;

7. Enjoining Iris from using the URL <http://www.fargosupplies.com>;

8. Ordering Iris to account for and pay to Fargo the damages to which Fargo is entitled as a consequence of trademark infringement including enhanced damages pursuant to 15 U.S.C. § 1117;

9. Awarding Fargo prejudgment interest, and its costs, disbursements, and attorneys' fees herein, in accordance with 15 U.S.C. § 1117(a);

10. Ordering Iris to account for and pay to Fargo the damages to which Fargo is entitled under Minn. Stat. § 325D.15 and the Minnesota Unlawful Trade Practices Act,

§ 325D.45 and the Minnesota Deceptive Trade Practices Act, and under the common law tort of unfair competition, including Fargo's costs and attorneys' fees;

11.    Awarding Fargo such other and further relief as the Court may deem just and equitable.

A JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE.

Dated:  May 31, 2005.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

s/ Robert J. Gilbertson
Ronald J. Schutz  (130849)
Robert J. Gilbertson  (22361X)
Bruce D. Manning  (0312289)
Scott P. Fink (0335551)

800 LaSalle Avenue, Suite 2800
Minneapolis, MN  55402-2015
Telephone:   (612) 349-8500
Facsimile:   (612) 339-4181

20,126,470

*ATTORNEYS FOR PLAINTIFF*
*FARGO ELECTRONICS, INC.*