## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| FARGO ELECTRONICS, INC., | Civil No. 04-1017 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| IRIS, LTD., INC., | |
| Defendant. | |

Robert J. Gilbertson, **ROBINS KAPLAN MILLER & CIRESI LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402-2015, for plaintiff.

J. Derek Vandenburgh, **CARLSON CASPERS VANDENBURGH & LINDQUIST,** 225 South Sixth Street, Suite 3200, Minneapolis, MN 55402, for defendant.

This is a patent case between a manufacturer of photo identification card printers and one of its former distributors. Plaintiff Fargo Electronics, Inc. owns two patents for printer ribbon identification sensors. Fargo's most successful product is Fargo Ribbon No. 81733, a full-color printer ribbon. Defendant Iris Ltd., Inc. sells identification card printers and accessories, including Fargo's 81733 ribbon and a generic version of Fargo's ribbon, Iris's RibbonChoices No. 81733G ribbon.[1] On March 8, 2005, the Court granted in part Fargo's motion for a preliminary injunction, which enjoined Iris from making or selling the 81733G ribbon.

---

[1] Additional factual background is provided in *Fargo Electronics, Inc. v. Iris Ltd., Inc.*, 2005 WL 3241851 (D. Minn. Nov. 30, 2005).

This matter is before the Court upon Iris's motion to vacate the Court's March 8, 2005 preliminary injunction. For the reasons explained below, the Court grants Iris's motion.

**PROCEDURAL BACKGROUND**

In its Second Amended Complaint, Fargo asserted claims of infringement of two patents – U.S. Patent Nos. 5,755,519 ("the '519 patent") and 6,152,625 ("the '625 patent"). It also asserted claims under the Lanham Act and the Minnesota Unlawful Trade Practices and Deceptive Trade Practices Acts, and a claim of common law unfair competition. Iris counterclaimed for declaratory judgment of non-infringement, patent invalidity, and unenforceability.

On March 8, 2005, the Court issued an injunction based on Fargo's claim that Iris's 81733G ribbon infringed the '519 patent. The injunction enjoined Iris from "directly, indirectly, or in concert with any other party, selling, offering for sale, making, using, or distributing the printer ribbons that Iris formerly offered and sold as part number 81733G." This injunction was consistent with an agreement by the parties made prior to the hearing. At the same time, Iris moved to dismiss the non-patent claims. The Court granted the motion in part, dismissing as duplicative the claim of common law unfair competition.

On November 30, 2005, the Court granted Iris's motion for partial summary judgment on Fargo's claim of infringement of the '519 patent. The Court held that claims 8-15 of the '519 patent are invalid as indefinite and that Iris is not contributing to

or inducing infringement of claims 1-7.  Fargo's non-patent claims and the claim of infringement of the '625 patent have not been dismissed.  Notably, the 81733G ribbon is not accused of violating the '625 patent.

In light of the November 30, 2005 Order, Iris now moves to vacate the Court's March 8, 2005 preliminary injunction.  Iris also informally moves for an award of attorneys' fees associated with this motion.

## ANALYSIS

Iris argues that the preliminary injunction must be vacated because the November 30, 2005 Order shows that Fargo no longer has a reasonable likelihood of success on its claim of infringement of the '519 patent.  Fargo responds that the injunction should not be lifted because Fargo believes that the '519 patent is valid and enforceable and the company intends to appeal the Court's Order.

The Court concludes that the preliminary injunction must be vacated.  The Court has decided that the 81733G ribbon does not infringe the '519 patent, and therefore Fargo no longer has the reasonable likelihood of success necessary to support the preliminary injunction.

The Court denies Iris's informal motion for an award of attorneys' fees.  Fargo has a good-faith basis for appealing the Court's November 30, 2005 Order and not consenting to lift the injunction.

- 4 -

**ORDER**

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's motion to Motion to Vacate the Court's March 8, 2005 Preliminary Injunction [Docket No. 114] is **GRANTED**.


DATED: March 17, 2006          s/ John R. Tunheim
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
         United States District Judge